Albert C. TODARO, Plaintiff,

v.

Cecilia E. NORAT, Individually and as Executive Director of the State Insurance Fund, James Doe, Individually and Officially, Michael Roe, Individually and Officially, Michael Doe, Individually and Officially, George Roe, Individually and Officially, the State Insurance Fund, and the State of New York, Defendants.

No. 95 CV 3948 (BDP).

United States District Court, S.D. New York.

Nov. 3, 1995.

---

Jonathan Lovett, Lovett & Gould, White Plains, NY, for plaintiff.

Kevin J. Lamberson, New York State Department of Law, New York City, for defendants.

### MEMORANDUM DECISION AND ORDER

PARKER, District Judge.

This action for the violation of civil rights under 42 U.S.C. § 1983 is before this Court on Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. Plaintiff Albert C. Todaro ("Todaro") instituted this suit alleging violations of his rights guaranteed under the Fourteenth Amendment's Due Process clause, the New York State Constitution and the New York State Civil Service Law in connection with the termination of his employment as "Director of Accounts and Finance and Investment Officer" with Defendant State Insurance Fund ("SIF").

Defendants State of New York, SIF and Cecilia E. Norat ("Norat") move to dismiss the complaint on the grounds that a state, its agencies and officials are immune from suit in federal court under the Eleventh Amendment. In opposition, Todaro argues that SIF is not entitled to Eleventh Amendment immunity because it is not a state agency.

The Eleventh Amendment of the United States Constitution provides:

The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

Under the Eleventh Amendment, " 'an unconsenting state is immune from suits brought in federal courts by her own citizens as well as by citizens of another state.' " *Pennhurst State School & Hospital v. Halderman,* 465 U.S. 89, 100, 104 S.Ct. 900, 908, 79 L.Ed.2d 67 (1984) (quoting *Employees v. Missouri Public Health & Welfare Dep't,* 411 U.S. 279, 280, 93 S.Ct. 1614, 1616, 36 L.Ed.2d 251 (1973)). A suit against a state is barred regardless of whether it seeks damages or injunctive relief. See *Cory v. White,* 457 U.S. 85, 91, 102 S.Ct. 2325, 2329, 72 L.Ed.2d 694 (1982). Section 1983 of Title 42 of the United States Code does not override states' Eleventh Amendment immunity. See *Quern v. Jordan,* 440 U.S. 332, 342, 99 S.Ct. 1139, 1146, 59 L.Ed.2d 358 (1979). Accordingly, Defendants' motion to dismiss the claims against the State of New York is granted.

In the absence of consent, a suit against a state agency or department is also proscribed by the Eleventh Amendment. *Pennhurst,* 465 U.S. at 100, 104 S.Ct. at 908. The most important factor in the Eleventh Amendment analysis is whether a judgment in a suit for money damages would require payment from the state treasury. *Hess v. Port Authority Trans–Hudson Corporation,* ── U.S. ──, ──, 115 S.Ct. 394, 404–405, 130 L.Ed.2d 245 (1994); *Mancuso v. New York State Thruway Authority,* ── F.Supp. ── [1995 WL 753971] (S.D.N.Y. March 31, 1995).

SIF is a state agency for whose liability the state is responsible. See *Methodist Hospital of Brooklyn v. State Insurance Fund,* 64 N.Y.2d 365, 374–376, 476 N.E.2d 304, 308–309, 486 N.Y.S.2d 905, 909–910 (1985); *Marley Company v. Boston Old Colony Insurance Company,* 1990 WL 47681 *2 (S.D.N.Y.1990); *Cross v. State Insurance Fund,* 1993 WL 106394 *2 (S.D.N.Y.), *aff'd,* 17 F.3d 391 (2d Cir.1993). Accordingly, Defendants' motion to dismiss the claims against SIF is granted.

The Eleventh Amendment also bars a suit against a state official when "the State is the real, substantial party in interest." *Ford Motor Co. v. Department of Treasury,* 323 U.S. 459, 464, 65 S.Ct. 347, 350, 89 L.Ed. 389 (1945). As when the state itself is named as the defendant, a suit against a state official that is in fact a suit against a state is barred regardless of whether it seeks damages or injunctive relief. See *Cory,* 457 U.S. at 91, 102 S.Ct. at 2329. The Supreme Court has recognized an important exception to this general rule: a suit challenging the constitutionality of a state official's action is not one against the State." *Pennhurst,* 465 U.S. at 102, 104 S.Ct. at 909 (citing *Ex parte Young,* 209 U.S. 123, 28 S.Ct. 441, 52 L.Ed. 714 (1908)). This exception, however, has not been provided with an expansive interpretation. In *Edelman v. Jordan,* 415 U.S. 651, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974), the Court held that when a plaintiff uses a state official alleging a violation of federal law, the federal court may award an injunction that governs the official's future conduct, but not one that awards retroactive monetary relief. *Edelman,* 415 U.S. at 666–667, 94 S.Ct. at 1357–1358.

Here, the complaint seeks retroactive monetary and injunctive relief. Specifically, it seeks compensatory and punitive damages against the individual Defendants. In addition, it seeks an order directing Defendants to reinstate Todaro "retroactive to April 18, 1995, to the position of Director, Fiscal Management and Investments" with SIF, and an award of back pay and benefits. Because the Eleventh Amendment bars suits for retroactive monetary and injunctive relief, Defendants' motion to dismiss the claims against Norat in her official capacity is granted.[1]

In conclusion, Defendants' partial motion to dismiss the complaint is granted. The complaint is dismissed as against The State

---

1. Defendants have not moved to dismiss the claims against Norat in her individual capacity.

The Court therefore declines to address that issue.

of New York and the State Insurance Fund. The complaint is also dismissed as against Cecilia E. Norat in her official capacity as Executive Director of the State Insurance Fund.

SO ORDERED.